# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

RONALD H. SHEFFEY,

Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*,

Defendants.

Case No. 3:26-CV-00083-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Ronald H. Sheffey's ("Sheffey") application to proceed *in forma pauperis*, (ECF No. 1), and his *pro se* civil rights complaint, (ECF No. 1-1). The Court now screens Sheffey's complaint and, for the reasons discussed below, recommends it be dismissed with prejudice and without leave to amend, and that Sheffey's application to proceed *in forma pauperis* be denied as moot.

## I.     SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United*

*States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**II.     SCREENING OF COMPLAINT**

In his complaint, Sheffey sues the Nevada Department of Corrections, Detective E. Calata, Detective T. Thayer, Judge M. Andress-Tobiasson, and Sergeant C. Lousignont (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (ECF No. 1-1 at 1-2.) Sheffey alleges that on November 4, 2016, he was detained by police while gambling at a gas station in relation to a drug investigation. (*Id.* at 2-4.) Police informed Sheffey they were executing a search warrant at his mom's house (where he lived) to look for drugs. (*Id.* at 4.) The search was apparently fruitful because Sheffey goes on to say his attorney was ineffective for not challenging the search warrant at trial. (*Id.*) According to Sheffey, the warrant was not supported by probable cause and Detective Calata coerced the judge into issuing it. (*Id.*) Moreover, Sheffey states the original warrant limited the search to between 7 a.m. and 7 p.m., but police fabricated a copy that omitted this information to justify searching his mom's house after 7 p.m. (*Id.* at 4-5.) Sheffey argues the Defendants' conduct violated his Fourth, Sixth, Eighth, and Fourteenth Amendment rights, and he seeks $18.8 million in damages. (*Id.* at 3, 6.)

There are two fatal problems with Sheffey's complaint. First, Sheffey's claims are barred by the statute of limitations. "[F]ederal courts apply the forum state's personal injury statute of limitations for § 1983 claims." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In Nevada, the statute of limitations for personal injury actions is two years. NRS 11.190(4)(e). Sheffey alleges the invalid search warrant was executed nearly 10 years ago in November 2016. (ECF No. 1-1 at 2.) Even assuming some of Sheffey's claims did not arise until his subsequent criminal trial Sheffey would still be well outside the two-year window he had to sue.

Second, Sheffey's claims are attempts to collaterally attack his underlying criminal conviction, which is impermissible in § 1983 suits. 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another

of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence.

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Here, Sheffey seeks $18.8 million in damages because he was arrested and convicted based on evidence obtained through an invalid search warrant. (ECF No. 1-1 at 5.) Put another way, Sheffey is seeking monetary damages for purported deficiencies in his state court criminal case, and a judgment in Sheffey's favor would necessarily undermine his conviction. Sheffey's case is therefore barred under *Heck* and its progeny.

## IV. CONCLUSION

Because Sheffey's claims are barred as a matter of law the Court recommends his complaint, (ECF No. 1-1), be dismissed with prejudice and without leave to amend as amendment would be futile, and that his application to proceed *in forma pauperis*, (ECF No. 1), be denied as moot.

Sheffey is advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and

4

Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.    RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Sheffey's application to proceed *in forma pauperis*, (ECF No. 1), be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Sheffey's complaint, (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that Sheffey's complaint, (ECF No. 1-1), be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: _February 4, 2026_____.

_____
**UNITED STATES MAGISTRATE JUDGE**

5