UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD H. SHEFFEY, | Case No.: 3:26-cv-00083-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*, | |
| Defendants. | |

*Pro se* Plaintiff Ronald H. Sheffey filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and a civil rights complaint (ECF No. 1-1) against Nevada Department of Corrections, Detective E. Calata, Detective T. Thayer, Judge M. Andress-Tobiasson, and Sergeant C. Lousignont for Fourth, Sixth, Eighth, and Fourteenth Amendment violations under 42 U.S.C. § 1983. (ECF No. 1-1 ("Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 5), recommending the Court deny the IFP application (ECF No. 1) as moot and dismiss the Complaint with prejudice and without leave to amend. (ECF No. 5 at 1, 4.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin screens the Complaint (ECF No. 1-1), finding that Sheffey seeks monetary damages for an arrest and conviction based upon evidence obtained through an allegedly invalid search warrant.

(ECF No. 5 at 3-4.) Next, Judge Baldwin recommends the Court dismiss the action with prejudice and without leave to amend for two reasons: (1) Sheffey's claims are barred by the statute of limitations; and (2) Sheffey's claims attempt to collaterally attack his underlying state court criminal conviction, which is impermissible in § 1983 suits. (*Id.*)

The Court agrees that Sheffey's claims are barred by the statute of limitations because the alleged invalid search warrant was executed in November 2016, nearly ten years before this action was filed.[1] (*Id.* at 3.) Moreover, the Court agrees that Sheffey's Complaint improperly challenges his underlying state court criminal conviction, and, as the Magistrate Judge points out, § 1983 is not a "backdoor" through which federal courts may overturn a state court conviction. (*Id.* at 4.) As a result, because Sheffey is seeking monetary damages for alleged deficiencies in his state court criminal case, his Complaint is *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Thus, because Sheffey's claims are barred as a matter of law, the Court will dismiss this action with prejudice. Leave to amend is inappropriate here because the issues identified by the Court cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). As a result, the Court will also deny the IFP application (ECF No. 1) as moot. Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is adopted in full.

It is further ordered that Sheffey's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of Court file Sheffey's Complaint. (ECF No. 1-1.)

---

[1]"[F]ederal courts apply the forum state's personal injury statute of limitations for section 1983 claims." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (internal citation omitted). In Nevada, the statute of limitations for personal injury actions is two years. *See* NRS § 11.190(4)(e).

It is further ordered that Sheffey's Complaint (ECF No. 1-1) is dismissed with prejudice and without leave to amend.

It is further ordered that the Clerk of Court enter judgment accordingly and close this case.

DATED THIS 19th Day of February 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE